1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    TRACY THOMAS COSTA,                      No.  2:12-cv-2591-EFB

12                     Plaintiff,

13         v.                                  ORDER

14    CAROLYN W. COLVIN, Acting
      Commissioner of Social Security,
15
                      Defendant.
16

17

18          Plaintiff filed the instant action in October 2012, seeking review of a final decision of the

19    Commissioner of Social Security ("Commissioner") denying her application for a period of

20    disability and Disability Insurance Benefits under Title II of the Social Security Act.  ECF No. 1.

21    On March 31, 2014, the court denied plaintiff's motion for summary judgment, granted the

22    Commissioner's cross-motion for summary judgment, and entered judgment in the

23    Commissioner's favor.  ECF Nos. 16,17.  On June 26, 2014, plaintiff filed a motion for an

24    extension of time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A).

25          That rule allows a district court to extend the time to appeal where "(i) a party so moves

26    no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of

27    whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a)

28    expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A).  "The

                                                 1

1    requirement that motions for extension be filed within thirty days of the original deadline is

2    mandatory and jurisdictional." *Alaska Limestone Corp. v. Hodel*, 799 F.2d 1409, 1411 (9th Cir.

3    1986).

4           Plaintiff's motion was timely filed.  Judgment was entered on March 31, 2014.  ECF No.

5    17.  Thus, plaintiff had until May 30, 2014 to file her notice of appeal.  *See* Fed. R. App. P.

6    4(a)(1)(B)(iii) (providing that a notice of appeal may be filed within 60 days after the entry of

7    judgment where one of the parties is a United States agency).  As plaintiff's request for an

8    extension of time was filed on June 26, 2014, within 30 days of the deadline prescribed by Rule

9    4(a)(1), the instant motion is timely.[1]

10          In determining the question of excusable neglect, a court must consider "(1) the danger of

11   prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial

12   proceedings, (3) the reason for the delay, including whether it was within the reasonable control

13   of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v.*

14   *Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (citing *Pioneer Investment Services Co. v. Brunswick*

15   *Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993)).  Plaintiff has adequately demonstrated

16   good cause and/or excusable neglect.  Plaintiff explains that the attorney that represented her in

17   this action retired prior to the court issuing a decision on the parties' cross-motions for summary

18   judgment.  After judgment was entered in this case, plaintiff claims she had difficulty obtaining

19   new counsel due to her medical conditions.  ECF No. 19-1.

20          Further, there is little danger of prejudice to the Commissioner and any delay will not

21   adversely impact judicial proceedings as appeal review of this case involves a review of the

22   administrative record filed in this action.  Accordingly, this factor also weighs in favor of granting

23   an extension.

24   _____

25          [1]  Federal Rule of Appellate Procedure 4(a)(5)(B) provides that a motion for an extension
     of time to file an appeal made before the expiration of the time prescribed in Rule 4(a)(1) may be
26   ex parte, but where "the motion is filed after the expiration of the prescribed time, notice must be
     given to the other parties in accordance with local rules."  The instant motion was filed after the
27   expiration of the 60 day period prescribed in Rule 4(a)(1)(B).  Plaintiff failed to notice the motion
     for hearing, but did serve a copy of the motion on the Commissioner.  ECF No. 19-7.  Although
28   the Commissioner had adequate time to file a response to the motion, no response was filed.

1    Lastly, there does not appear to be any bad faith on behalf of plaintiff.  Upon weighing

2  these factors, the court grants plaintiff's motion for an extension of time to file an appeal.

3    Accordingly, it is hereby ORDERED that:

4    1.  Plaintiff's request for an extension of time to file an appeal (ECF No. 19) is granted;

5  and

6    2.  Within 14 days of the date of this order, plaintiff may file a Notice of Appeal with this

7  court.

8  DATED:  May 18, 2015.

9                                          EDMUND F. BRENNAN
                                           UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          3